IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 2 2 2004

04C 8219

JUDGE MANNING

Civil Action No.

COMPLAINT

MAGISTRATE JUDGE LEVIN

FILED
2004 DEC 21 PM 2: 23
CLERK
U.S. DISTRICT COURT

Wayne Rosenberg, Michael Fogle,
Gary Dering, David Strelitz,
Rebecca Walker, George Kail,
David Storck, Elisabeth Burton,
Dale Berry, Gloria Andrich,
Larry Estes, Larry Kiser,
Kevin McCarthy, Richard Connolly
Mark Gage, Charles Cella,
Christopher Gossett, Phillip Gillis,
Mark Gauthier, Frank Case,
Anthony Plansky, Kerry Pulliam,
Daniel Redd, Ronald DeSimone,
Arlene Rudek, Cynthia Bafus,
Ronald Barlow, Michael Schiff,
Brent Smith, Paul Spigelmire,
Gregory Strumfeld, Robert Busby,
Kristopher Smith, J. Garth Swartley,
Richard Swieg, Patricia Szymanski,
Hugh Tait, Anil Tyagi, Harold Weiner
Bruce Weston, J. Robert Wheeler,
Steve Young, Carl Bode
Brent VanPopering, David Cramblett,
Chris Lane, Randy Jones,
Paul Hrabsky, James Fantony,
Kenneth Scaglione, Maurice Lindquist
Lewis Leone, Randall Hasson,
David Goldberg, Dale Galford,
Richard Doerr, Michael Clouse,
Leland Adams, Jeffrey La Greca,
John Lanehart, Sue Laufer,
Edward Lehnhardt, John Luchene,
Patricia Logodinski, Donald Mahoney,
William McAdoo, Dennis McDermott,
Stephen McLaughlin, Richard Nett,
Peter Perry, Wayne Pihl, Irving Katz,
Steven Bartlett, Richard Bourbeau,
Stuart Brinkley, Michael Costello,
Edward Cowan, Randall Donsky,
Carol Bachwitz Dahout,
John Duffin, Robert Michael Harding,
William Harrington, Fritz Henning,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

| | |
|---|---|
| Laurence Keeport, Joseph Karbonit, | ) |
| William Hensen, Timothy Hatzinger, | ) |
| Michael Ford, Richard Finkel, and | ) |
| Estate of Harley Woods. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CNA Financial Corporation and | ) |
| the CNA Severance Pay Plan, | ) |
| | ) |
| Defendants. | ) |

Plaintiffs, by and through their undersigned attorneys, complain against

Defendants as follows:

## INTRODUCTION

1.     This is a complaint authorized and instituted pursuant to the Employee

Retirement Income Security Act of 1974, as amended, 42 U. S. C. §1001, *et seq.*, (herein

referred to as "ERISA").

## PARTIES AND JURISDICTION

2.     Plaintiffs are citizens of various states in the United States. At all material

times herein, Plaintiffs were employed by Defendant CNA Financial Corporation (herein

referred to as "CNA") in sales positions in CNA's Life Business Operations Company

(herein referred to as "the LBO Company" or "the Company"). The LBO Company sold

life insurance, long term care insurance and annuities. Each Plaintiff was at all relevant

times a participant in Defendant CNA Severance Pay Plan (herein referred to as "the

Plan").

3.     Defendant CNA Financial Corporation is a corporation organized in

accordance with the laws of one of the states of the United States with its principal place

2

of business in Chicago, Illinois. Defendant CNA Severance Pay Plan is an unfunded employee welfare benefit plan as defined by ERISA and is administered and sponsored by Defendant CNA.

4.      Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U. S. C. §1331 and 29 U. S. C. §1132. Venue is proper in this Court since the Plan is administered in Chicago, Illinois and Defendant CNA has its principal place of business here.

5.      Plaintiffs have satisfied all prerequisites to the institution of this action.

## FACTUAL BACKGROUND

6.      The Plan, which Defendant CNA sponsored and administered, provided severance pay to employees who are "involuntarily terminated due to a job elimination or reduction in force." The stated purpose of the Plan is to assist employees "with the transition to new employment." The amount of severance pay an involuntarily terminated employee is entitled to under the Plan is determined by the age of the employee and the number of years of employment with Defendant CNA.

7.      Plaintiffs were classified by Defendant CNA as "sales employees in the Class Code S Series" in the LBO Company. Upon information and belief, since in or about 1996, Class Code S Series employees were eligible for severance benefits under the Plan.

8.      As early as March 8, 2000, Defendant CNA made a written announcement to Plaintiffs and other employees of the LBO Company that it was exploring the sale of the Company. In an attempt to alleviate the uncertainty created by the announcement, Defendant CNA at that time specifically addressed the impact a sale

would have on Plaintiffs and the other employees of LBO Company. In that statement, Defendant CNA stated that if any positions were eliminated as a result of a sale, LBO Company employees would be eligible for enhanced severance and outplacement assistance, subject to CNA's policies. At the time of the announcement, Plaintiffs were eligible for severance benefits under the Plan.

9.     On or about June 10, 2003, Defendant CNA engaged Robert L. McGinnis as President and Chief Executive Officer of its Life and Group operations, which included the LBO Company. McGinnis and others began negotiations with a reinsurance company named Swiss Re to sell the LBO Company to Swiss Re, in a transaction that would eliminate the sales employees in the Class Code S Series positions held by Plaintiffs.

10.     In anticipation that the sale of LBO Company to Swiss Re would create severance liability to Plaintiffs, in September 2003, Defendant CNA purported to terminate Plaintiffs' eligibility to participate in the Plan by a secret amendment to the Plan. At the time of the purported amendment, Defendants were obliged by the Plan to provide "reasonable notice" of all material modifications of the Plan. Although by the secret September, 2003 amendment Defendants had purported to terminate Plaintiffs' eligibility to participate in the Plan, Defendants intentionally failed to provide reasonable notice to Plaintiffs of the purported termination of their eligibility to participate in the Plan in order to retain Plaintiffs as sales employees up to the date of the sales transaction (when they would be terminated, without severance).

11.     Additionally, Defendants took affirmative steps to conceal the fact that Plaintiffs' eligibility to participate in the Plan had purportedly been terminated. For

4

example, after the purported September amendment, all LBO Company employees except plaintiffs and the other sales employees in the Class Code S Series remained eligible for severance under the Plan's amended terms. On or about November 12, 2003, two months after the secret amendment, CEO McGinnis sent a letter to the homes of all LBO employees except plaintiffs and the other sales employees in the Class Code S Series (that is to all LBO Company employees whose participation in the Plan had not been purportedly terminated). In that letter, McGinnis sought to persuade LBO Company employees to remain focused on and committed to their work despite the impending sale. To that end, he announced in the letter that the minimum severance had been increased and assured them that there would be "no material changes" to the Plan through the end of 2004 that would impact "the current eligibility rules." He concluded his reassurances with the comment that "[m]y hope is that this letter will allow you to stay focused on the good work we are doing."

12.    Defendants at that time sent no corresponding letter to the Plaintiffs or the other LBO Company employees whose participation in the Plan had purportedly been terminated. Defendants instead chose to continue to conceal the change so as to retain Plaintiffs and the other similarly situated employees in their sales positions up to the date of the sale.

13.    On or about February 5, 2004, Defendant CNA announced to employees the sale of the LBO Company to Swiss Re. During the announcement, Plaintiffs were informed that their employment would be terminated effective April 5, 2004.

14.    As late as March 2004, Plaintiffs were still listed as eligible participants in the Plan in Defendant CNA's Human Resources Manual. On April 1, 2004, four days

before the effective date of their termination, Plaintiffs received a Summary of Material

Modifications stating that their participation in the severance plan had been purportedly

terminated some seven months before.

### FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Claim For Benefits Due Under ERISA Section 502(a)(1)(B)**
**(29 U.S.C. §1132(a)(1)(B))**

15.     Plaintiffs incorporate by reference paragraphs 1 through 14 as though fully

set forth herein.

16.     By the express terms of the Plan, CNA was obligated to give reasonable

notice of any material modifications to the Plan. In September 2003, Defendant CNA

purportedly modified the severance plan to terminate Plaintiffs participation in the Plan

but failed to notify Plaintiffs of this material amendment until some seven months later

and just days before Plaintiffs were terminated.

17.     The amendment to the Plan of September 2003, which purported to

deprive Plaintiffs of severance benefits, is null and void and of no effect because

"reasonable notice" due under the terms of the Plan was not given. Accordingly, the pre-

September 2003 severance plan was the operative welfare benefit plan at the time of

Plaintiffs' terminations.

18.     As Plaintiffs were "involuntarily terminated due to a job elimination or

reduction in force," they are entitled to the severance pay due them under the Plan.

WHEREFORE, Plaintiffs request that this Court:

A.      Declare the purported September, 2003 amendments null and void and of no effect;

B.      Order Defendants to pay Plaintiffs severance in accordance with the Plan as it existed prior to the September 2003 modifications, as well as prejudgment and post-judgment interest on such amounts;

C.      Award Plaintiffs the costs and disbursements of this action, including their reasonable attorney's fees pursuant to ERISA; and

D.      Award Plaintiffs such other and further relief as this Court may deem just and proper.

## FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT CNA
### Breach of Fiduciary Duty Under ERISA Sections 404, 502(a)(2) and 502(a)(3)
### (29 U.S.C. §§ 1104, 1132(a)(2) and 1132(a)(3))

19.      Plaintiffs incorporate by reference paragraphs 1 through 18 as though fully set forth herein.

20.      The Plan is an unfunded employee welfare benefit plan sponsored and administered by Defendant CNA. As such, with regard to communicating material changes about the Plan to CNA employees, Defendant CNA acts in a fiduciary capacity.

21.      The purported September 2003 change in the Plan was a material change with respect to Plaintiffs in that it purported to terminate their participation in the plan. After terminating Plaintiffs' participation in the plan, Defendant CNA communicated positive changes to the Plan to those employees still eligible to participate. In electing to communicate plan modifications to some employees, Defendant CNA had a fiduciary responsibility to communicate plan modifications to all affected employees. Defendant

7

CNA's failure to send a notice to Plaintiffs of the modifications to the Plan terminating their participation, at the same time they were communicating to other employees about benefits under the plan, is a breach of its fiduciary duty under ERISA.

22.    As a direct and proximate result of Defendant CNA's breach of its fiduciary duty in violation of Plaintiffs' rights under ERISA, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs request that this Court:

A.    Order Defendant CNA to pay Plaintiffs an amount that would have been due without the September 2003 amendment, as well as prejudgment and post-judgment interest on such amounts;

B.    Award Plaintiffs the costs and disbursements of this action, including their reasonable attorney's fees pursuant to ERISA; and

C.    Award Plaintiffs such other and further relief as this Court may deem just and proper.

## FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT CNA
### Fraud Based on Federal Common Law and ERISA Section 502(a)(3)
### (29 U.S.C. § 1132(a)(3))

23.    Plaintiffs incorporate by reference paragraphs 1 through 22 as though fully set forth herein.

24.    Defendant CNA intentionally failed to disclose and concealed material facts regarding the alleged amendment to the CNA Plan. By letter of March 2000, CNA had promised employees–including Plaintiffs–that they would be entitled to enhanced severance benefits in the event the LBO Company was sold. Moreover, at least through March, 2004, CNA's benefit web site continued to affirmatively represent that Plaintiffs

8

were included in the Severance Pay Plan, and the Summary Plan Description so asserted until four days before Plaintiffs' termination. By concealing from Plaintiffs the material fact that the Plan had (purportedly) been amended to their detriment in September, 2003, Defendant intentionally concealed and omitted to disclose the material fact of their purported exclusion from the Plan, to their detriment.

25.     Defendant CNA knew (or should have known) that by concealing from Plaintiffs that they had been eliminated from the CNA Plan, Plaintiffs would continue to believe they were entitled to severance benefits and would therefore continue to work at and place business through CNA through the date of the sale.

26.     Plaintiffs relied on the mistaken belief–a belief cultivated by CNA's affirmative representations coupled with its knowing concealment and omission of the material fact of the purported Plan amendment and continued misrepresentation of their inclusion in the Plan–that they were eligible participants under the CNA Plan. For example, each Plaintiff remained at CNA and continued to place business at CNA until the day each was terminated by CNA, instead of seeking employment elsewhere or placing business at other insurance companies, where they may have earned higher commissions and been entitled to benefits.

27.     As a direct and proximate cause of Plaintiffs' reliance on CNA's material representations, material misrepresentations and omissions, Plaintiffs suffered harm.

WHEREFORE, Plaintiffs request that this Court:

A.     Order Defendant CNA to pay Plaintiffs an amount that would have been due without the September 2003 amendment, as well as prejudgment and post-judgment interest on such amounts;

B.      Award Plaintiffs the costs and disbursements of this action, including their

reasonable attorney's fees pursuant to ERISA; and

C.      Award Plaintiffs such other and further relief as this Court may deem just

and proper.

## FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Breach of Contract Under Federal Common Law and ERISA Section 502(a)(3)
### (29 U.S.C. § 1132(a)(3))

28.     Plaintiffs incorporate by reference paragraphs 1 through 27 as though fully

set forth herein.

29.     The Plan promulgated by Defendant CNA was intended to assist

employees with transition to new employment by providing compensation, based upon

length of service, upon that employee's termination under certain circumstances. As

such, the Plan is a unilateral contract.

30.     Upon information and belief, Defendant CNA purported to secretly

terminate the parties' unilateral contract in September 2003. However, Plaintiffs' rights

and entitlements under the contract became fixed and unalterable and were fully earned

to the extent of their performance under the unilateral contract. Consequently, Plaintiffs

are entitled to benefits under the Plan earned prior to September 2003, in accordance with

the parties' unilateral contract.

31.     Plaintiffs have made a claim for benefits under the Plan. However,

despite Plaintiffs' claim, Defendants refuse to pay Plaintiffs their vested benefits earned

under the Plan. As a direct and proximate result of Defendants' actions, Plaintiffs have

been damaged.

WHEREFORE, Plaintiffs request that this Court:

A.    Order Defendant CNA to pay Plaintiffs an amount that would have been due without the September 2003 amendment, as well as prejudgment and post-judgment interest on such amounts;

B.    Award Plaintiffs the costs and disbursements of this action, including their reasonable attorney's fees pursuant to ERISA; and

C.    Award Plaintiffs such other and further relief as this Court may deem just and proper.

Respectfully submitted,

One of the attorneys for Plaintiffs

Thomas R. Meites
Michael M. Mulder
Josie Raimond
Meites, Mulder, Burger & Mollica
208 South LaSalle Street, Suite 1410
Chicago, IL 60604
312/263-0272

Richard D. Ries
Post Office Box 7153
Columbia, SC 29202
803/256-9332

Palmer Freeman
James C. Anders, P.A. & Associates
125 Hampton Street, Suite 300
Rock Hill, SC 29730
803/366-2236

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

04C 8219
04C 8219

# Civil Cover Sheet

JUDGE MANNING

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

MAGISTRATE JUDGE LEVIN

| | |
|---|---|
| **Plaintiff(s):** Wayne Rosenberg, et al. | **Defendant(s):**CNA Financial Corporation and the CNA Severance Pay Plan |
| County of Residence: Morris County | County of Residence: Cook County **DOCKETED** |
| Plaintiff's Atty: Thomas R. Meites, Paul W. Mollica, Josie Raimond Meites, Mulder, Burger & Mollica 208 S. LaSalle Street, Suite 1410, Chicago, IL 60604 312-263-0272 | Defendant's Atty: **DEC 2 2 2004** |

**II. Basis of Jurisdiction:**  3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties (Diversity Cases Only)**
Plaintiff:- N/A
Defendant:- N/A

**IV. Origin :**  1. Original Proceeding

**V. Nature of Suit:**  791 E.R.I.S.A

**VI.Cause of Action:**  Denial of benefits, breach of fiduciary duty and breach of contract in violation of the Employee. Retirement Income Security Act of 1974 (42 U.S.C. 1001, et seq.).

**VII. Requested in Complaint**
Class Action: No
Dollar Demand: N/A
Jury Demand: No

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: 12-21-04

U.S. DISTRICT COURT CLERK
2004 DEC 21 PM 2:23
FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**DOCKETED**

**DEC 2 2 2004**

In the Matter of

Wayne Rosenberg, et al.

v.

CNA Financial Corporation and the CNA Severance Pay Plan

Case Number: **04CV 8219**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiffs

**JUDGE MANNING**

**MAGISTRATE JUDGE LEVIN**

| (A) | (B) |
|---|---|
| **SIGNATURE** | **SIGNATURE** |
| **NAME** Thomas R. Meites | **NAME** Paul W. Mollica |
| **FIRM** Meites Mulder Burger & Mollica | **FIRM** Meites Mulder Burger & Mollica |
| **STREET ADDRESS** 208 S. LaSalle St., Suite 1410 | **STREET ADDRESS** 208 S. LaSalle St., Suite 1410 |
| **CITY/STATE/ZIP** Chicago, IL 60604 | **CITY/STATE/ZIP** Chicago, IL 60604 |
| **TELEPHONE NUMBER** (312) 263-0272 **FAX NUMBER** (312) 263-2942 | **TELEPHONE NUMBER** (312) 263-0272 **FAX NUMBER** (312) 263-2942 |
| **E-MAIL ADDRESS** trmeites@mmbmlaw.com | **E-MAIL ADDRESS** pwmollica@mmbmlaw.com |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** 01880241 | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** 06194415 |
| **MEMBER OF TRIAL BAR?** YES ☑ NO ☐ | **MEMBER OF TRIAL BAR?** YES ☑ NO ☐ |
| **TRIAL ATTORNEY?** YES ☑ NO ☐ | **TRIAL ATTORNEY?** YES ☑ NO ☐ |
| | **DESIGNATED AS LOCAL COUNSEL?** YES ☐ NO ☑ |

| (C) | (D) |
|---|---|
| **SIGNATURE** | **SIGNATURE** |
| **NAME** Josie Raimond | **NAME** |
| **FIRM** Meites Mulder Burger & Mollica | **FIRM** |
| **STREET ADDRESS** 208 S. LaSalle St., Suite 1410 | **STREET ADDRESS** |
| **CITY/STATE/ZIP** Chicago, IL 60604 | **CITY/STATE/ZIP** |
| **TELEPHONE NUMBER** (312) 263-0272 **FAX NUMBER** (312) 263-2942 | **TELEPHONE NUMBER** **FAX NUMBER** |
| **E-MAIL ADDRESS** jraimond@mmbmlaw.com | **E-MAIL ADDRESS** |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** 6230092 | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** |
| **MEMBER OF TRIAL BAR?** YES ☑ NO ☐ | **MEMBER OF TRIAL BAR?** YES ☐ NO ☐ |
| **TRIAL ATTORNEY?** YES ☑ NO ☐ | **TRIAL ATTORNEY?** YES ☐ NO ☐ |
| **DESIGNATED AS LOCAL COUNSEL?** YES ☐ NO ☑ | **DESIGNATED AS LOCAL COUNSEL?** YES ☐ NO ☐ |

FILED - FDA
2004 DEC 2 PM 2: 23
U.S. DISTRICT COURT CLERK

1-3