# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE ROSENBERG, et al., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | 04 C 8219 |
| | ) | |
| CNA FINANCIAL CORP. and the | ) | |
| CNA SEVERANCE PAY PLAN, | ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

In this ERISA case, a group of ninety plaintiffs who worked as sales employees in CNA's Life Business Operations Company ("LBO") have sued CNA and CNA's severance plan. CNA's motion in limine to determine the scope of discovery is before the court. For the following reasons, the court finds that the plaintiffs are entitled to pursue discovery outside the scope of the administrative record. Accordingly, the defendants' motion in limine seeking to limit discovery to the administrative record is denied.

## Discussion

The parties dispute whether evidence outside the administrative record is subject to discovery. Normally, in cases involving a challenge to a plan administrator's determination regarding benefits, resolution of this issue depends on the degree of discretion that the plan gives the plan administrator, as an arbitrary and capricious standard of review applies to a discretionary decision by a plan administrator. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 982 (7th Cir. 1999). If the arbitrary and capricious standard applies, this court can only consider matters within the administrative record. *See id*.

In this case, however, the plaintiffs have raised claims above and beyond a claim of entitlement to benefits. Specifically, the following causes of action have survived a motion to dismiss: (1) a claim for benefits under ERISA § 502(a)(1)(B) against CNA and the CNA Severance Plan (Count I); (2) a claim of breach of fiduciary duty under ERISA § 404 against CNA (Count II); (3) a fraud claim based on federal common law against CNA (Count III); and (4) a breach of contract claim under federal common law against CNA and the CNA Severance Plans (Count IV). The plaintiffs contend that even if they are limited to the administrative record with respect to their claim for benefits (a point that they dispute), the rules regarding the record vis-a-vis benefits claims do not apply to their non-benefits claims.

In response, the defendants assert that all of the plaintiffs' purported non-benefits claims (Counts II - IV) are really requests for relief under § 502(a)(1)(B) and thus are duplicative of Count I.[1] In support, they contend that the plaintiffs can only bring claims under ERISA's civil enforcement provisions. According to the defendants, because the plaintiffs dismissed their § 502(a)(2) claims and the court dismissed their § 502(a)(3) claims, the only remaining possible basis for a claim is § 502(a)(1)(B).

The court disagrees. First, the Seventh Circuit has expressly recognized that a plaintiff may bring a federal common law fraud claim separate and apart from a claim based on a breach of fiduciary duty under ERISA. *See Beach v. Commonwealth Edison Co.*, 382 F.3d 656, 659 (7th Cir. 2004) ("Doubtless federal common law prohibits fraud with respect to

---

[1] The defendants did not raise this argument in their motion to dismiss; had they done so, the court and the parties would have avoided the delay and cost associated with an extra round of briefs.

pension and welfare benefits, apart from any need to invoke ERISA's fiduciary duty. ERISA preempts state law relating to pension plans, and federal courts regularly create federal common law (based on contract and trust law) to fill the gap") (internal citations omitted). Second, plaintiffs may go outside the administrative record when they bring claims which do not seek to review a decision made by an ERISA plan. *See Vallone v. CNA Financial Corp.*, 375 F.3d 623, 629-630 (7th Cir. 2004) ("since the estoppel claim is not a review of a decision of the Plan Administrator, the district court erred in limiting discovery to the administrative record with respect to [that] claim").

Because the plaintiffs in this case contend that the defendants defrauded them, they are entitled to obtain discovery outside the scope of the administrative record. *See Beach v. Commonwealth Edison Co.*, 382 F.3d at 659; *see also Vallone v. CNA Financial Corp.*, 375 F.3d at 629-630. This means that the court need not reach the parties' remaining arguments.

## Conclusion

For the above reasons, the court finds that the plaintiffs are entitled to pursue discovery outside the scope of the administrative record. Accordingly, the defendants' motion in limine seeking to limit discovery to the administrative record is denied.

DATE: September 7, 2005

_Blanche M. Manning_
Blanche M. Manning
United States District Court Judge